UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DRAGUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15-C-09135 |
| v. ) | Hon. Marvin E. Aspen |
| ) | |
| RELIANCE STANDARD LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

John Dragus, ("Plaintiff"), has brought the present action against Reliance Standard Life Insurance Company, ("Defendant"), for the recovery of long-term disability insurance benefits under 29 U.S.C. § 1132(a)(1)(B) following Defendant's denial of his benefits claim. On February 18, 2016 in open court, Plaintiff requested additional discovery. (*See* Minute Entry from Feb. 18, 2016 (Dkt. No. 12).) We ordered Defendant to file formal objections to Plaintiff's discovery request. (*Id.*) We now consider Plaintiff's request for additional discovery.

**BACKGROUND**

The following information comes from the complaint, unless otherwise noted. Before January 1, 2014, Plaintiff worked for SMG, a venue management company operating in Chicago, Illinois. (Compl. (Dkt No. 1) ¶ 8.) As an employee of SMG, Plaintiff was covered under an employee welfare benefit plan that included a group long-term disability insurance policy underwritten and administrated by Defendant. (*Id.* ¶ 7.) This plan is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (*Id.* ¶ 1).

Plaintiff began missing work on January 1, 2014 due to health problems. (*Id.* ¶ 13.) Plaintiff received short-term disability benefits starting on February 14, 2014. (*Id.* ¶ 14.) After

the exhaustion of his short-term disability benefits, Plaintiff applied for long-term disability benefits on April 2, 2014. (*Id.* ¶ 16.) Defendant denied Plaintiff's application on September 8, 2014. (*Id.* ¶ 18.) Plaintiff filed the present suit challenging that denial on October 15, 2015. (*Id.* ¶ 10.)

## ANALYSIS

Plaintiff raises three discovery related concerns. First, Plaintiff states that he has not received the claim file. (Pl. Resp. (Dkt. No. 15) at 2, 5.) Second, Plaintiff seeks initial disclosures under Federal Rule of Civil Procedure 26(a). (*Id.* at 4–5.) Third, Plaintiff seeks "the full panoply of discovery provided for by the Federal Rules of Civil Procedure." (*Id.* at 2.) We consider each request in turn.

**I.    Discovery in ERISA Actions**

The scope of discovery in ERISA actions is determined by the applicable standard of review for the type of ERISA plan at issue. *Weddington v. Aetna Life Ins. Comp.*, No. 15 C 1268, 2015 WL 6407764, at *2 (N.D. Ill. Oct. 21, 2015). Accordingly, we must first determine which standard of review applies here.

*a.   The Arbitrary and Capricious Standard Applies in this Case*

ERISA actions usually receive *de novo* review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 957–58 (1989); *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 980 (7th Cir. 1999). When the benefit plan gives an administrator discretionary authority, an arbitrary and capricious standard of review applies. *Cerentano v.*

2

*UMWA Health & Ret. Funds*, 735 F.3d 976, 981 (7th Cir. 2013) (quoting *Tompkins v. Cent. Laborers' Pension Fund*, 712 F.3d 995, 999 (7th Cir. 2013)).

The parties agree that the arbitrary and capricious standard of review applies here. (Pl. Resp. at 1; Def. Statement (Dkt. No. 13) at 1–3.) The SMG benefit plan at issue provides that the Defendant "shall serve as the claims review fiduciary . . . [and t]he claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decision by the claims review fiduciary shall be complete, final and binding on all parties." (Compl., Ex. A at 17.)

### b. *Discovery Available under Arbitrary and Capricious Review*

The scope of discovery is severely limited in ERISA cases reviewed under the arbitrary and capricious standard. *Perlman*, 195 F.3d at 982 (holding that discovery has never been allowed "where the question is whether a decision is . . . arbitrary and capricious"). Where the arbitrary and capricious standard of review applies, our review is limited to the administrative record, and typically, outside discovery is not allowed.[1] *Perlman*, 195 F.3d at 982; *Warner v. Unum Life Ins. Co. of Am.*, No. 12 C 2782, 2013 WL 3874060, at *1 (N.D. Ill. July 26, 2013); *Semien v. Life Ins. Co. of N. Am.*, No. 03 C 4795, 2004 WL 1151608, at *2 (N.D. Ill. Apr. 21, 2004), *aff'd*, 436 F.3d 805 (7th Cir. 2006) ("[R]elevant materials for discovery are

---

[1] This general proposition excluding discovery outside of the administrative record also appears to apply to initial Rule 26(a) disclosures. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) (stating that "an action for review on an administrative record," is exempt from initial disclosures); *compare Lee v. Sun Life Assur. Co. of Canada*, No. 08–140, 2010 WL 2231943, at *5 (D. Or. Apr. 1, 2010) ("In fact, in an ERISA case, the court only reviews the administrative record such that initial disclosures are not necessary); *with Durham v. IDA Group Benefit Trust*, 276 F.R.D. 259, 264 (N.D. Ind. 2011) (permitting initial disclosures in ERISA case reviewed under a *de novo* standard).

materials that were before the plan administrators when they reached their decision."); *Peltzer v. Life Ins. Co. of N. Am.*, No. 1 C 2585, 2002 WL 1858786, at *2 (N.D. Ill. Aug. 13, 2002).

      *c. The Conflict of Interest Exception*

While discovery under the arbitrary and capricious standard is generally limited; "[w]here a claimant makes specific factual allegations of misconduct or bias in a plan administrator's review procedures, limited discovery is appropriate." *Semien*, 436 F.3d at 815. Discovery is not automatic, instead, a "claimant must demonstrate two factors before limited discovery becomes appropriate." *Id*. The claimant must: (1) "identify a specific conflict of interest or instance of misconduct," and (2) "must make a prima facie showing that there is good cause to believe that limited discovery will reveal a procedural defect in the plan administrator's determination." *Id*. This two-part test "presents a high bar for individuals whose claims have been denied by a plan administrator with discretionary authority." *Id*.

## II. Plaintiff's Discovery Requests

Plaintiff asks us to: (1) order Defendant to provide Plaintiff the administrative record and claim file, (2) order Defendant to submit initial Rule 26(a) disclosures, and to (3) permit Plaintiff "the full panoply of discovery provided for by the Federal Rules of Civil Procedure." (Pl. Resp. at 2.)

Based on our discussion above, we grant Plaintiff's request for his claim file and administrative record. *Perlman*, 195 F.3d at 982; *Semien*, 436 F.3d at 815; *Warner*, 2013 WL 3874060, at *7; *Peltzer*, 2002 WL 1858786, at *2. At this time, we find that Plaintiff has not made a sufficient showing to meet the conflict of interest exception (perhaps because he has not yet reviewed the administrative record). *Semien*, 436 F.3d at 815. Plaintiff's requests for initial disclosures and further discovery are denied.

4

## CONCLUSION

For the reasons discussed above, we grant in part and deny in part Plaintiff's request for discovery. Defendant must provide the claim file and administrative record to Plaintiff for discovery on or by July 31, 2016. Plaintiff is not entitled to Rule 26(a) initial disclosures or additional discovery at this time. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: July 21, 2016
       Chicago, Illinois